

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 31, 1993

David R. Smith, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-214

Re: Impact of "leave without pay" provisions of the General Appropriations Act on the Workers' Compensation Act, V.T.C.S. article 8307c (RQ-476)

Dear Commissioner Smith:

You have asked this office to clarify an apparent conflict between the General Appropriations Act and the Workers' Compensation Act, V.T.C.S. article 8307c. In your letter, you indicate that the Department of Health ("the department") is concerned because the General Appropriations Act appears to prohibit state agencies from permitting employees to take more than 12 months of unpaid leave,[1] while the Workers' Compensation Act states that an employer cannot terminate an employee for filing a claim in good faith. Currently, the department has an employee who filed a good-faith compensation claim and will need to be on unpaid leave for longer than 12 months. You ask whether the department is required to terminate this employee.

We conclude that the department is not required to terminate an employee simply because that employee has been on unpaid leave in connection with a work-related injury for more than 12 months. In our opinion, the General Appropriations Act does not conflict with the Workers' Compensation Act for two reasons. First, we read the appropriations act to except employees on leave for work-related injuries from the 12-month limit. Second, the appropriations act permits agency heads to grant exceptions to the 12-month limit for employees who are on unpaid leave in connection with work-related injuries.

The pertinent subsection of the General Appropriations Act states as follows:

> 11. Agencies may grant employees leave without pay or leave of absence without pay subject to the following provisions:
>
> a. Except for disciplinary and workers compensation situations all accumulated paid leave entitlements must be exhausted before granting such leaves, with the additional provision that sick leave

---

[1]The act refers to a "leave without pay or leave of absence without pay." In this opinion, we will use the phrase "unpaid leave" to encompass both.

> must be exhausted only in those cases where the employee is eligible to take sick leave, as provided in section 8(2) above. Such leaves will be limited in duration to twelve (12) months.
>
> . . . .
>
> c.    The administrative head of an agency may grant exceptions to these limitations for such reasons as interagency agreements or educational purposes.

Acts 1991, 72d Leg., 1st C.S., ch. 19, art. V, § 8, at 1009.

We believe that the "except" clause in subdivision (a) of this subsection applies to the 12-month limit, as well as to the language regarding accumulated paid leave. The "except" language was first added to the General Appropriations Act in 1985. The 1983 General Appropriations Act contained the following language:

> Agencies may grant employees leave without pay or leave of absence without pay subject to the following provisions:
>
> (1) All accumulated paid leave entitlements must be exhausted before granting such leaves, with the additional provision that sick leave must be exhausted only in those cases where the employee is eligible to take sick leave, as provision in Section 8.c. above.
>
> (2) Such leaves will be limited in duration to twelve (12) months.

Acts 1983, 68th Leg., ch. 1095, art. V, § 8, at 6207. In the 1985 version, the legislature combined the language in subdivisions one and two of the 1983 version and added the exception for disciplinary and workers' compensation situations. We can see no reason for combining the two subdivisions other than to make the exceptions applicable to both. Furthermore, in 1984, this office concluded that the Workers' Compensation Act prevents employers from discharging employees after a certain period of time when they are on unpaid leave for a work-related injury. *See* Attorney General Opinion JM-227 (1984).[2] Thus, it seems likely that the legislature added the "except" language to make the subsection conform to this decision.

---

[2]This opinion constitutes the advice of the attorney general until expressly overruled. Furthermore, we believe that any agency would be ill-advised to terminate an employee on leave for a work-related injury for no reason other than the length of the leave. Such an action might increase the agency's liability for workers' compensation benefits. *See* V.T.C.S. art. 8308-4.28(b) (making an injured employee eligible for supplemental income benefits when the employee has not returned to work or has returned to work earning less than 80 percent of the employee's previous average weekly wage and meets other requirements).

We also believe that subdivision (c) gives agency heads the authority to make exceptions to the 12-month limit for employees who are on unpaid leave to recover from work-related injuries. By using the phrase "for such reasons as," the legislature indicated that the listings following this phrase were not exclusive. We believe that this language gives agency heads the authority to extend unpaid leaves beyond 12 months when doing so will advance the agency's interests.

## S U M M A R Y

A state agency is not required to terminate an employee simply because that employee has been on unpaid leave in connection with a work-related injury for more than 12 months. The General Appropriations Act does not conflict with the Workers' Compensation Act. Rather, the appropriations act excepts employees on leave for work-related injuries from the 12-month limit. In addition, we believe the appropriations act permits agency heads to grant exceptions to the 12-month limit for employees on unpaid leave in connection with work-related injuries.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General